Donald M. BROWN, an Individual, Plaintiff,

v.

TRION INDUSTRIES, INC., a corporation, Defendant.

No. 81 Civ. 0107.

United States District Court, E.D. New York.

Oct. 21, 1983.

---

Ralph R. Palo, Hubbell, Cohen, Stiefel & Gross, New York City, for plaintiff.

Fritz L. Schweitzer, Jr., Mandeville & Schweitzer, New York City, for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This is an action for patent infringement brought by plaintiff Donald Brown against defendant Trion Industries, Inc. The patent Brown claims has been infringed is a combination patent for an "Inventory Restraining Device for Merchandise Display Hook," which comprises a pegboard hook, a merchandise card suspended on the pegboard hook, and a horseshoe-shaped resilient clip which is larger than the hole in the card. The resilient clip is positioned on the pegboard hook behind the merchandise card so as to hold the card toward the front portion of the hook, thus permitting merchants to provide a full look with reduced inventory.

The allegedly infringing item sold by the defendant is a molded plastic clip which can perform the same function as the resilient clip described in the plaintiff's patent. Brown claims that Trion has infringed all three claims of his patent.

Trion has moved for summary judgment on four separate grounds. These will be treated seriatim.

For the following reasons, the motion for summary judgment is granted as to direct infringement, but denied as to all other grounds.

■ 1. Defendant argues first that the plaintiff's patent is invalid because it is obvious within the meaning of 35 U.S.C. § 103, which provides that "[a] patent may not be obtained ... if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." Obviousness is a question of law based on three factual determinations: (1) the state of the prior art, (2) the difference between the challenged patent and the prior art, and (3) the level of ordinary skill in the pertinent art. *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

■ After thoroughly reviewing the exhibits submitted by the defendant on the issue of obviousness, I find that it has failed to meet its burden of showing that "there is no genuine issue as to any material fact" and that it is entitled to "judgment as a matter of law" on this issue. Fed.R. Civ.P. 56. Although the defendant has attempted to identify the prior art regarding the plaintiff's patent, no attempt has been made to clarify the differences between the challenged patent and the prior art. Further, the defendant has failed adequately to identify the level of ordinary skill in the pertinent art. Although the plaintiff's patent involves a fairly simple device, I believe that expert testimony would be clarifying here on the question of obviousness. Accordingly, summary judgment on the issue of obviousness is denied.

2. Defendant next argues that it is entitled to summary judgment because it has not either directly or indirectly infringed on the plaintiff's patent. Defendant argues that it merely sells a small resilient clip, and that it is the ultimate user who determines how this clip is to be used.

■ In determining the question of direct infringement, the touchstone inquiry is whether the defendant's product falls within the claims of the plaintiff's patent. *See Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097 (1950). In the present case, the plaintiff's three patent claims relate solely to a combination patent comprising a pegboard hook, the mounting of carded merchandise on the hook, the placement of a special resilient clip on the pegboard hook, positioning the clip behind the merchandise, and providing that the merchandise cards have holes no larger than the resilient clip. Since the defendant only markets a clip which the plaintiff claims can be used for the purpose described in its patent, there is no question but that the defendant's product does not directly infringe the plaintiff's combination patent. *See Deepsouth Packing Co., Inc. v. Laitram Corp.*, 406 U.S. 518, 528, 92 S.Ct. 1700, 1707, 32 L.Ed.2d 273 (1972) ("a combination patent protects only against the operable assembly of the whole and not the manufacture of its parts"); *Maloney-Crawford Tank Corp. v. Sauder Tank Co.*, 465 F.2d 1356, 1360 (10th Cir.1972) ("every element of a combination patent is conclusively presumed to be essential, every element, or its functional equivalent, must be found in the accused device or there is no infringement"). Further, since the plaintiff narrowed its patent claims from the clip alone to the combination device in order to secure patent acceptance, it is now precluded by the doctrine of file wrapper estoppel from arguing that the defendant's clip is directly infringing under the doctrine of "equivalents." *See Capri Jewelry v. Hattie Carnegie Jewelry Enterprises*, 539 F.2d 846, 851 (2d Cir.1976) ("It is settled that the rejection of a claim forbids 'any interpretation of those secured which leaves them identical with that rejected' or any use of the doctrine of equivalents to that end") (*quoting International Latex Corp. v. Warner Brothers Co.*, 276 F.2d 557, 565 (2d Cir.), *cert. denied*, 364 U.S. 816, 81 S.Ct. 47, 5 L.Ed.2d 47 (1960). *See also Exhibit Supply Co. v. Ace Pat-*

*ents Corp.,* 315 U.S. 126, 62 S.Ct. 513, 86 L.Ed. 736 (1942).

■ Although I find that the defendant is entitled to summary judgment on the issue of direct infringement, I do not find this to be the case as to the issues of "contributory infringement," 35 U.S.C. § 271(c) or active inducement of infringement, 35 U.S.C. § 271(b). Although the defendant claims that it is unaware to what use its customers put the clip it sells, the plaintiff has provided evidence indicating that the defendant markets its clips for precisely the purpose described in the plaintiff's patent. *See* Plaintiff's Exhibit 2. I find that this evidence is sufficient to raise a genuine issue of fact as to the questions of contributory infringement and active inducement of infringement, and thus deny summary judgment on these issues.

Defendant also contends that it could not be found to have infringed because the clips it sells are not "horseshoe shaped" and "uniform" as described in the plaintiff's patent. Plaintiff argues that these descriptions were not critical to the invention patented, and that the defendant's clip infringes under the doctrine of equivalents. Although I find merit in the defendant's position in this regard, *see Capri Jewelry v. Hattie Carnegie Jewelry Enterprises, supra,* 539 F.2d at 852 (patent holder cannot use doctrine of equivalents to broaden claims which it previously narrowed in order to distinguish invention from prior art), I believe that a proper resolution of this question must await trial where a fuller explanation of the physical requirements of the clip in question can be obtained.

■ 3. Defendant next contends that the plaintiff may not enforce his patent because he has misused it in trying to monopolize the market in an unpatented component of his combination. Although I find some merit to the defendant's argument, a final determination of this equitable issue must await trial wherein all of the facts surrounding the defendant's conduct can be explored.

4. Defendant finally contends that the plaintiff's patent is invalid for "late claiming." This doctrine is predicated on 35 U.S.C. § 102(b), which provides: "A person shall be entitled to a patent unless ... the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." The defendant contends that the plaintiff's patent falls within this prohibition because it was disclosed in a printed publication in July 1978, and the plaintiff did not amend his patent application to include these claims until September 1979.

Resolution of this issue is complicated by the fact that there is some confusion in the case law on the precise parameters of the "late claiming" doctrine. Although on the surface the doctrine appears mechanical in application, the issue which has proven troublesome is determining whether an amendment to an earlier application has a sufficient nexus to the original claim to obtain the benefit of the earlier filing date. *See also* 35 U.S.C. § 120. This issue is critical in this case since the plaintiff's original application was filed within one year of the public disclosure of the device, but the plaintiff's amended application embodying the specific claims at issue here was not.

The leading case in this Circuit dealing with this question is *Kahn v. Dynamics Corp.,* 367 F.Supp. 63 (S.D.N.Y.1975) *aff'd,* 508 F.2d 939 (2d Cir.1974). In *Kahn* District Judge Tenney held that in order for a later amendment to relate back to the original filing date the claims of the amendment and the original application must be "substantially similar [in] scope." 367 F.Supp. at 72. Judge Tenney went on to state:

> [I]t is immaterial to the defense of late claiming whether or not the claims in suit were supported by the application as originally filed. The dispositive question is whether or not they are directed to essentially the same subject matter as claims originally presented. If they are not, but rather are directed to more spe-

cific subject matter which has been in public use or on sale more than one year prior to the presentation of these or substantially similar claims in the patent application, then it is immaterial that broad, unpatentable claims were presented in the application as originally filed.

The decision in *Kahn* has engendered some confusion because the test employed by Judge Tenney is narrower than that utilized in most other circuits. *See, e.g., Faulkner v. Baldwin Piano & Organ Co.,* 561 F.2d 677, 682 (7th Cir.1977), *cert. denied,* 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978) (claim invalid if the device disclosed "constitutes an impermissible enlargement of the original claims, the basis for which was not disclosed therein"); *see also Leesona Corp. v. Varta Batteries, Inc.,* 522 F.Supp. 1304 (S.D.N.Y.1981); P. Rosenberg, *Patent Law Fundamentals,* § 7.14 (2d Ed.1982).

 Although the Second Circuit affirmed the result reached in *Kahn,* it did so in a brief paragraph which did not expressly adopt the test utilized by the district court. *See* 508 F.2d at 943. Therefore, I do not find that I am bound to follow the late claiming test as enunciated in *Kahn. See Leesona Corp. v. Varta Batteries, Inc., supra,* 522 F.Supp. at 1336. Rather, I adopt what I consider to be the majority view that an amendment will receive the benefit of the original filing date if the original application contained disclosures fully revealing the amended claim, and if the amendment does not broaden or change the original invention. *See Square Liner 360, Inc. v. Chisum,* 691 F.2d 362 (8th Cir.1982); *Faulkner v. Baldwin Piano & Organ Co., supra; Cardinal of Adrian, Inc. v. Peerless Wood Products, Inc.,* 515 F.2d 534 (6th Cir.1975); *Price v. Lake Sales Supply R.M., Inc.,* 510 F.2d 388 (10th Cir.1974).[1]

Applying the test here I find that the plaintiff's patent is not invalid for "late claiming." A review of the plaintiff's first application to the Patent Office clearly reveals the full scope of the combination patent ultimately obtained. Particularly relevant in this regard is the plaintiff's original claim six, which described the following:

6. A method of inventory saving and control comprising the steps of:

clipping in tight securement to a rod-like hook member for displaying merchandise a generally horseshoe shaped inventory restraining device of a unitary and resilient construction comprising, two arms extending from a base, said arms comprising respective inner walls defining a longitudinally extending re-entrant cavity therebetween for clipping onto and tight securement to said rod-like hook member; and

moving said restraining device along the longitudinal axis of said member firmly against said merchandise for maintaining the same at the forward section of said rod-like hook member.

Since the combination patent ultimately obtained was merely a narrowing of the original application, I find that the amendment submitted did not broaden or change the original invention. Accordingly, I find that the date of the amendment relates back to the original filing date.[2]

For the foregoing reasons, the defendant's motion for summary judgment is granted on the issue of direct infringement but denied in all other respects.

SO ORDERED.

---

**1.** I find this test to be entirely consistent with the statutory requirements embodied in 35 U.S.C. § 102(b), and with the Supreme Court's interpretation of the "late claiming" doctrine in *Muncie Gear Works, Inc. v. Outboard Marine & Mfg. Co.,* 315 U.S. 759, 62 S.Ct. 865, 86 L.Ed. 1171 (1942).

**2.** The defendant has made no claim that the plaintiff failed to comply with the requirements of 35 U.S.C. § 120.